IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIAM M. SPEARS, JR.;** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *   Case No.: 19-269 |
| | * |
| **BAY INN & SUITES FOLEY, LLC,** | * |
| **BAY INN & SUITES LOXLEY, LLC,** | * |
| **RICK PATEL and RICK PATEL, JR.** | * |
| | * |
| Defendants. | * |

## COMPLAINT

Comes now the above named Plaintiff and for his Complaint against Defendants from whom he seeks all available relief under the Fair Labor Standards Act 29 USC §201, et seq. (hereinafter "FLSA"), offers as follows:

### Preliminary Statement

1. This action is brought pursuant to the Fair Labor Standards Act, 29 USC §201, et seq. which provides, *inter alia*, that no employer shall employ any of its employees for a work week longer than 40 hours, unless such employees receive compensation for hours worked in excess of 40 at a rate not less than 1½ times the regular rate at which the employee is paid and that no employer shall pay any of its employees less than the minimum wage of $7.25 for every hour worked.

### Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to Title 28 USC §1331. Venue is proper in this Court pursuant to 28 USC §1391 because the acts complained of herein all occurred in Baldwin County, Alabama.

## Parties

3. Defendants BAY INN & SUITES FOLEY, LLC and BAY INN & SUITES LOXLEY, LLC are both Alabama limited liability companies whose principal places of business are located in Baldwin County, Alabama. Both companies are enterprises engaged in commerce, or in the production of goods in commerce, as defined by §203(s)(l) of the FLSA and are, therefore, covered by the minimum wage and overtime provisions of the FLSA.

4. Defendants RICK PATEL and RICK PATEL, JR., were, at all times relevant hereto, the owners and/or officers of BAY INN & SUITES FOLEY, LLC and BAY INN & SUITES LOXLEY, LLC who exercised operational control over significant aspects of those companies' day-to-day operations and were "employers" as defined by § 203(b) of the FLSA.

5. At all times material hereto, each Defendant was an employer, and/or joint employer of Plaintiff, and/or acted in an employment agency relationship with the other Defendants in relation to Plaintiff's employment.

6. At all times relevant hereto, Plaintiff WILLIAM M. SPEARS, JR. was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA.

## Cause of Action

7. Plaintiff adopts and incorporates by reference each and every paragraph asserted above as if fully set out herein.

8. Plaintiff was employed by Defendants continually from 2012 through February 21, 2019 as a front desk clerk at hotels operated by Defendants. During this entire period, Plaintiff was paid a small monthly wage. Plaintiff was also provided a room on the premises of one of Defendant's hotels. Under the FLSA, Plaintiff was entitled to be paid not less than the minimum wage of $7.25 per hour for all hours worked, but Plaintiff's wages amounted to less

than that minimum wage for the hours worked each week.

9. During this entire period Plaintiff also regularly worked in excess of 40 hours per work week. Under the FLSA, Plaintiff was entitled to overtime compensation at 1½ times his regular hourly rate for each hour over 40 that he worked during a work week.

10. Plaintiff was an employee of each Defendant fully entitled to the FLSA's protections.

11. Each Defendants is an employer covered by the FLSA.

12. In spite of Defendants' knowledge that Plaintiff was entitled to minimum wage and overtime pay, they willfully and / or with reckless disregard of clearly applicable FLSA provisions failed to pay Plaintiff either. Defendant's failure to pay minimum wage and overtime compensation were both violations of the FLSA for which Plaintiff is entitled to recover all unpaid wages and overtime compensation, liquidated damages, reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby demands judgment against Defendants, and prays for the following relief:

a. A declaratory judgment that Defendants have willfully and recklessly violated the Fair Labor Standards Act;

b. A money judgment for the amount of Plaintiff's unpaid and underpaid wages and overtime compensation and in addition, an equal amount of unpaid wages and overtime compensation as liquidated damages pursuant to 29 USC §216(b), along with pre-judgment interest;

c. Reasonable attorneys fees as well as costs and expenses of this action; and

d. Such other, further and different relief as this Court deems appropriate.

*/s/ Richard W. Fuquay*
RICHARD W. FUQUAY (FUQUR6214)
DIAMOND FUQUAY, LLC
3280 Dauphin Street, Suite B129
Mobile, AL 36606
Telephone: (251) 473-4443
Email: rwf@diamondfuquay.com

*/s/ Ian Rosenthal*
Ian D. Rosenthal (ROSEI6905)
HOLSTON, VAUGHAN & ROSENTHAL, LLC.
P.O. Box 195
Mobile, AL 36601
Telephone: (251) 432-8883
Email: idr@holstonvaughan.com

**Plaintiff respectfully demands a trial by jury.**

*s/ Richard W. Fuquay*
RICHARD W. FUQUAY

**DEFENDANT'S TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

BAY INN & SUITES FOLEY, LLC
c/o Rasik Patel
1402 Highway 31 South
Bay Minette, AL 36507

BAY INN & SUITES LOXLEY, LLC
c/o Rick Patel, Jr.  Registered Agent
1402 Highway 31 South
Bay Minette, AL 36507

RICK PATEL
1402 Highway 31 South
Bay Minette, AL 36507

RICK PATEL, JR.
1402 Highway 31 South
Bay Minette, AL 36507