## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM M. SPEARS, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Civil Action No. 1:19-cv-00269-C |
| | : | |
| BAY INN & SUITES FOLEY, LLC, | : | |
| BAY INN & SUITES LOXLEY, LLC, | : | |
| RICK PATEL, and RICK PATEL, JR., | : | |
| | : | |
| Defendants. | : | |

## RULE 16(b) SCHEDULING ORDER

After consideration of the Fed. R. Civ. P. 26(f) report (Doc. **27**), which was filed on March 13, 2020, and the comments of counsel presented during the telephone conference held on March 26, 2020, the following scheduling order is entered pursuant to Fed. R. Civ. P. 16(b):

1.     FINAL PRETRIAL CONFERENCE.  This jury action shall be pretried by United States Magistrate Judge William E. Cassady on **October 6, 2020, at 10:00 a.m.,** in **Mobile, Alabama**, in **Courtroom 3A.**  This is a firm setting and the parties are expected to be ready for trial by the pretrial conference.  **A COPY OF JUDGE CASSADY'S STANDING ORDER GOVERNING HIS FINAL PRETRIAL CONFERENCES IS ATTACHED. NO ADDITIONAL NOTICES REGARDING THE FINAL PRETRIAL CONFERENCE WILL BE NECESSARY**.

2.     TRIAL.  This action will come on for trial in **Mobile, Alabama**

during the month of **November 2020,** the specific dates to be set at the Final Pretrial Conference.  The parties have estimated that this action will require **two-three (2-3) trial days**.

3.  <u>DISCOVERY COMPLETION</u>.  All discovery is to be completed on or before **July 22, 2020**.  Requests for extension will be viewed with great disfavor and will not be considered except upon a showing (1) that extraordinary circumstances require it and (2) that the parties have diligently pursued discovery.

For all actions, "completed" means that all interrogatories, requests for admissions, and requests for production have been served and responded to; physical inspections and testing have been concluded; physical and mental examinations have been concluded; experts' reports have been exchanged; all depositions, including experts' depositions, have been taken; any motions to compel having been timely filed to give adequate time for the court to consider them; and non-party subpoenas (for production of evidence or to permit inspection) have been served and responded to.

4.  <u>INITIAL DISCLOSURES</u>.  The initial disclosures required by Fed. R. Civ. P. 26(a)(1) will be exchanged not later than **April 1, 2020.**

5.  <u>AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES</u>. Motions for leave to amend the pleadings or to join other parties must be filed

not later than **June 15, 2020**. [1]

6.    <u>EXPERT TESTIMONY</u>.  The expert reports as required by Rule 26(a)(2) shall be produced by Plaintiff on or before **June 1, 2020** and by Defendant on or before **June 15, 2020.** In addition, any Rule 26(a)(2)(C) disclosures are to be made by Plaintiff on or before **June 1, 2020** and by Defendant on or before **June 15, 2020.** Rebuttal evidence, authorized by Rule 26(a)(2)(D), shall be disclosed on or before **July 15, 2020** by Defendant and on or before **August 14, 2020** by Plaintiff. The foregoing deadlines for expert disclosures may be extended by agreement of the parties without a court order; however, all expert discovery must be completed by the discovery completion deadline set forth above. Unless extended by agreement of the parties, an expert's deposition, if taken, must be noticed and completed within **thirty (30) days** of the date on which the expert's report is disclosed.

**<u>Please Note</u>:       All challenges to expert witnesses, including *Daubert* motions, must be filed in advance of the Final Pretrial Conference and not later than September 15, 2020.**

7.    <u>SUPPLEMENTATION</u>.   Supplementation of disclosures and responses as required by Fed. R. Civ. P. 26(e) is to be accomplished "at appropriate intervals" and "seasonably," but not later than **August 21, 2020.**

8.    <u>PRETRIAL DISCLOSURES</u>.   The time for **disclosing** the

---

[1] The parties are reminded that any amendment to their pleadings not made as a matter of course is required to comport with Fed. R. Civ. P. 15(a)(2), *i.e.*, include the opposing party's written consent or request the Court's leave.

information required by Fed. R. Civ. P. 26(a)(3) shall be **September 15, 2020**.

9. <u>DISCOVERY LIMITS</u>. Discovery is limited as following:[2]

a. Not more than **two sets** of interrogatories, not to exceed **thirty-five (35)**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

b. Not more than **four (4)** depositions may be taken by each of the parties, the depositions of parties and experts being limited in duration to a maximum of **seven (7) hours**;

c. Not more than **two sets** of requests for admissions, not to exceed **twenty-five (25)**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service;

d. Not more than **two sets** of requests for production of documents, not to exceed **twenty-five (25)**, including all discrete subparts, may be served by each party upon any other party. Responses are due within thirty (30) days of service. **Subpoenas *duces tecum* to a party ordering such party to produce documents or things at trial shall not be used to circumvent the limitations placed on discovery.**

In applying these limits, all parties represented by the same counsel will be treated as a single party.

---

[2] Those specific discovery issues identified by the parties in paragraph 5 of their Rule 26(f) report are the issues subject to discovery in this case. (Doc. 27, ¶ 4).

4

10.   <u>ELECTRONICALLY STORED INFORMATION ("ESI") and</u>

<u>PROTECTIVE ORDER WITH CLAWBACK AGREEMENT</u>.  The parties have

indicated that this case **may** include discovery of ESI and that they do not

expect any issues with respect to the disclosure, discovery, or preservation of

ESI. (Doc. 27, ¶12).  Even so, at the parties' first inkling that there is any

problem with ESI production, or a disagreement over the scope of ESI, they

should advise the undersigned's Deputy Clerk, Edwina Crawford, of the

issue(s) and request a telephone conference with the undersigned.

11.   <u>DISCOVERY MOTIONS</u>.  The following requirements pertain to

discovery motions filed in this Court:

a.   <u>Conferencing by Counsel</u>.  Before either party moves this

Court for an order based on discovery (other than disputes relating to

confidentiality designations), the movant must request a conference with the

Court.  *See* FED. R. CIV. P. 16(b)(3)(B)(v).  The movant may not file the discovery

motion until the conference with the Court has concluded or, if the Court

declines to hold a conference, until after the Court communicates its decision

not to hold a conference.  Neither party shall be deemed to have waived any

rights or objections-including the right to file the motion in question with

evidentiary support as necessary and appropriate-with respect to the disputed

discovery as a result of the procedures set forth in this paragraph.

b.   <u>Time of Filing; Form</u>.   When authorized by the

undersigned, a motion for protective order pursuant to Fed. Civ. P. 26(c), a

motion for physical and mental examination pursuant to Fed. R. Civ. P. 35(a), a motion to determine sufficiency pursuant to Fed. R. Civ. P. 36(a), and a motion to compel pursuant to Fed. R. Civ. P. 37 shall be brought on a schedule established after a conference with counsel.  Any such motion shall quote <u>in full</u> (1) each interrogatory, request for admission or request for production to which the motion is addressed, <u>or</u> otherwise identify specifically and succinctly the discovery to which objection is taken or from which a protective order is sought, and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party.  Unless otherwise ordered by the Court, the complete transcripts or discovery papers are <u>not</u> to be filed with the Court unless the motion cannot be fairly decided without reference to the complete original.

   c. <u>Time for Responses</u>.  Unless within fourteen (14) days after the filing of a discovery motion the opposing party files a written response thereto, the opportunity to respond shall be deemed waived and the Court will act on the motion.  Every party filing a response shall file with the response a memorandum of law, including citations of supporting authorities and any affidavits and other documents setting forth or evidencing facts on which their response is based.

   d. <u>Privilege or Protection of Trial Preparation Materials</u>.  The provisions of Fed. R. Civ. P. 26(b)(5) will be strictly enforced in those rare situations in which privilege or work product protection is invoked.  Fed. R.

Civ. P. 26(b)(5) information shall be disclosed in a "privilege log" served with the objections to production. The "privilege log" shall, at a minimum, contain the facts suggested in paragraph N (pages 9-11) of the *Introduction to Civil Discovery Practice in the Southern District of Alabama*, Civil Practice Subcommittee (May 13, 2019) (distributed by the Clerk with the Local Rules).

12. <u>DISPOSITIVE MOTIONS</u>. Motions for summary judgment and any other dispositive motions, especially those that require little or no discovery, are to be filed as soon as possible but in no event later than **August 5, 2020**. Neither the final pretrial conference nor the trial in this action will be delayed pending a ruling on such motions. In submitting exhibits, the parties are reminded of Fed. R. Civ. P. 56(c)(1)(A), which provides only relevant portions of deposition transcripts, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answer, or other discovery materials shall be filed in support of or in opposition to a motion. Evidentiary submissions that do not comport with these requirements may be disregarded.

13. <u>SETTLEMENT/ADR</u>. A substantial percentage of the civil actions filed in this Court eventually settle, so early settlement negotiations are strongly encouraged in order to preserve scarce judicial resources and litigation costs. *See* S.D. Ala. CivLR 16(d) (discussing alternative dispute resolution, with an emphasis on early neutral evaluation). If settlement negotiations prove unsuccessful, the parties may seek further assistance

through the procedures set forth in this Court's Alternative Dispute Resolution Plan, which is available on the Court's website.[3]  Accordingly, the parties are **ORDERED** to file a written assessment of the possibility of resolving the issues in this case through a recognized ADR procedure.  The written assessment shall be filed as soon as possible during the discovery process but no later than the ***close of discovery***.  FED. R. CIV. P. 16(c)(2)(I).

Notwithstanding the above-referenced deadlines, the parties may contact the undersigned United States Magistrate Judge ***at any stage of the proceedings*** if they believe mediation or a settlement conference would be beneficial and the undersigned will ask a colleague to conduct a settlement conference or refer this case to a Court-approved neutral for mediation.

14.   <u>BRIEFS; LETTERS; COURTESY AND DUPLICATE COPIES; FAXING OF DOCUMENTS</u>.  Unless prior permission of the Court is given:

a.   Principal briefs filed in support of, or in opposition to, any motion shall not exceed thirty (30) pages in length and a reply brief by movant shall not exceed fifteen (15) pages in length.  Attachments to a brief do not count toward the page limitation.  *See* S.D. Ala. CivLR 7(e).

b.   An application to the Court for an order shall be by motion, not by letter.  *See* FED. R. CIV. P. 7(b).  Any objection or response to a motion or to any other matter is to be done in a properly-styled and captioned paper, not

---

[3] *See* United States District Court for the Southern District of Alabama Order Adopting Alternative Dispute Resolution Plan, dated Feb. 8, 1995, *available at:* http://www.alsd.uscourts.gov/documents/forms/ADRplan.pdf.

by letter.

       c.     Except as otherwise provided herein, courtesy copies of pleadings, motions or other papers filed in the action are not to be provided to the Judge or the Judge's Chambers.  A copy of a pleading, motion or other paper that has been previously filed in the action is not to be attached to a subsequently filed pleading, motion or other paper; it may be adopted by reference.  If a party's exhibits in support of or in opposition to a motion exceed 50 pages in the aggregate, then that party must deliver a courtesy hard copy of those exhibits to Chambers by mail or hand delivery.

       d.     Papers transmitted to the Court by facsimile will not be accepted for filing.  A copy of this Court's policy regarding the faxing of documents can be found on the Court's website, http://www.alsd.uscourts.gov.

   15.   <u>MODIFICATION OF FED. R. CIV. P. 16 ORDERS</u>.  All parties are reminded that this scheduling order shall not be modified except upon a showing of good cause and by leave of Court.  *Compare* FED. R. CIV. P. 16(b)(4) *with* S.D. Ala. CivLR 26(c).  Establishing good cause generally requires a showing that the applicable deadline could not be met despite the diligence of the party seeking modification of the schedule, that is, a finding that the moving party lacked due diligence usually ends the inquiry into good cause. An order entered after the final pretrial conference shall be modified only to prevent manifest injustice.  FED. R. CIV. P. 16(b) & (e).

16.   <u>LOCAL RULES</u>. All parties are reminded that the Local Rules of this district contain important requirements concerning the commencement of discovery, motions to dismiss and for summary judgment, and other matters. They are reprinted in ALABAMA RULES OF COURT (West Publishing Co.) and ALABAMA RULES ANNOTATED (The Michie Co.) but are amended from time to time.  A current version may be obtained from the Clerk or downloaded from the Court's website, http://www.alsd.uscourts.gov.

As a general matter, Fed. R. Civ. P. 5(d) proscribes the filing of most discovery materials.  Instead, whenever any discovery material is served, counsel shall contemporaneously file a notice with the Court identifying the date of service and the nature of the material.  S.D. Ala. CivLR 5(b).  In the event discovery materials are germane to any motion or response, only the relevant portions of the material shall be filed with the motion or response. S.D. Ala. CivLR 5(a).  Further, the custodian of any discovery material shall provide all other parties reasonable access to the material and an opportunity to duplicate the material at the expense of the copying party.  S.D. Ala. CivLR 5(c).  No other person may obtain a copy of any discovery material from its custodian except on motion and with leave of Court, upon payment of the expense of the copy.  *Id.*

17.   <u>SANCTIONS</u>.  The unjustified failure of a party or a party's attorney to timely comply with the requirements of this scheduling order shall be deemed a failure to obey the scheduling order and shall subject said party

or party's attorney to one or more of the sanctions authorized by Fed. R. Civ.

P. 16(f).

    **DONE** and **ORDERED** this the 26th day of March 2020.

          s/WILLIAM E. CASSADY
     **UNITED STATES MAGISTRATE JUDGE**